IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MARCO ANTONIO MIRANDA | § | |
| v. | § | CIVIL ACTION NO. 6:09cv136 |
| IMMIGRATION & CUSTOM ENFORCEMENT | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Marco Miranda, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Miranda states that he was ordered removed by an immigration court on April 24, 1998, and he is seeking enforcement of this order. He argues that a person under a final order of deportation cannot be detained indefinitely and that his continued presence in the United States is no longer justified; he states that once such an order is entered, the United States has six months in which to remove him.

The Respondent was ordered to answer and has done so. In this answer, the Respondent says that Miranda was convicted of murder and aggravated assault on March 25, 1997, and received sentences of two and 30 years, running concurrently. He has completed the two-year aggravated assault sentence but is still serving the murder sentence; he becomes eligible for parole on this sentence on November 7, 2010, and the sentence will expire on November 7, 2025. While

1

it is true that Miranda has received a final order of deportation, the Respondent says, he is currently in state custody, and will remain there until he is released by the State of Texas.

After review of the pleadings, the Magistrate Judge issued a Report on October 27, 2009, recommending that the petition for habeas corpus relief be denied. The Magistrate Judge stated that the Fifth Circuit has held that an alien who is sentenced to imprisonment who is subject to a final order of removal shall not be deported until such imprisonment has been terminated by the release of the alien from confinement. Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 738 (5th Cir. 2005). Under the appropriate statute, the Respondent says, the six-month removal period does not begin to run until the state sentence of incarceration ends. Because Miranda is still serving his state sentence, therefore, this period has not yet begin to run, and will not do so until he has been released. The Magistrate Judge concluded that Miranda had failed to show any basis for habeas corpus relief.

Miranda filed objections to the Magistrate Judge's Report on November 13, 2009. In his objections, Miranda asks why the immigration court would order him removed, if the removal process has not yet begun. He acknowledges that he becomes eligible for parole on November 7, 2010, and says that it would be "in the best interest for Petitioner to be ordered removed on such day." He states that his attorney told him that he would be deported once he became eligible for parole, that he cannot attend college in prison because he has an immigration detainer, and that the parole board is asking that illegal aliens provide an address to which they may be released once parole is granted, instead of deporting them immediately, which Miranda says is unlawful because it causes United States citizens to harbor illegal aliens. He states that the Court should order that he be deported as soon as he becomes eligible for parole.

Miranda's petition fails to set out any basis for habeas corpus relief. As the Respondent says, Miranda is still in the custody of the State of Texas, and so the deportation process does not begin, and the six-month removal period does not begin to run, until he is released from such custody. Although Miranda asks that the Court order him deported as soon as he attains parole

2

eligibility, this is not the law; it is release from custody, rather than eligibility for release from custody, which triggers the deportation process, and Miranda has no liberty interest in being granted parole as soon as he becomes eligible. Miranda's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including Miranda's original habeas corpus petition, the answer filed by the Respondent, the Report of the Magistrate Judge, and Miranda's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Marco Miranda is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of November, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**